IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXINE DERRY; and RUSSELL HEMEN, individually and on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>JACKSON NATIONAL LIFE INSURANCE COMPANY,<br><br>    Defendant.<br>_____/ | No. C 12-1380 CW<br><br>ORDER DENYING MOTION TO DISMISS AND GRANTING UNOPPOSED MOTION TO STRIKE<br>(Docket No. 71) |

Defendant Jackson National Life Insurance Company moves to dismiss the putative class action complaint of Plaintiffs Maxine Derry and Russell Hemen, and to strike their request for rescission. Plaintiffs oppose Defendant's motion to dismiss, but do not oppose its request to strike the rescission request. The Court took Defendant's motion under submission on the papers. Having considered the papers filed by the parties, the Court DENIES the motion to dismiss and GRANTS the unopposed motion to strike Plaintiffs' request for rescission.

BACKGROUND

The background of this putative class action is set forth in the Order of October 5, 2011, issued in this case by the judge in the Central District of California, to whom the case was assigned initially upon its filing. See Docket No. 63. In short, Plaintiffs initiated this action on March 2, 2011 in the Central District of California on behalf of themselves and all other similarly situated senior citizens who purchased annuities from

Defendant. Plaintiffs seek to end the allegedly unlawful sales practices Defendant uses to solicit sales for its fixed interest and equity-indexed deferred annuities. Plaintiffs allege that Defendant does not fully disclose all material facts and risks, including information regarding the possible "surrender charge" and penalties for early withdrawal.

Following the October 5, 2011 order, on October 21, 2011, Plaintiffs filed their second amended complaint (2AC), alleging a single claim for violation of California's Unfair Competition Law (UCL), California Business and Professions Code sections 17200, et seq. Plaintiffs' UCL claim is premised on alleged unlawful acts by Defendant, namely, violation of the disclosure requirements of California Insurance Code sections 10127.10 and 10127.13. These sections mandate written disclosure of surrender charges and penalties associated with deferred annuities.

In a separate earlier case, on October 24, 2006, Janice Kennedy filed a class action complaint against Defendant in California Superior Court. The Kennedy action alleged various claims, including a RICO claim, against Defendant based on Defendant's sales of deferred annuities to senior citizens. The case was removed to federal court and assigned to this Court. On October 6, 2010, after class certification was granted, this Court granted summary judgment in favor of Defendant against Kennedy as an individual. See Kennedy v. Jackson National Life Insurance Company, Case No. 07-0371, 2010 WL 4123994 (N.D. Cal.). The opinion granting summary judgment against Kennedy found that the surrender charge and interest adjustments imposed on certain annuity withdrawals were not the result of unfair competition,

2

were not the product of fraud, and did not violate the RICO statute. Id. at *14. In that opinion, the Court did not specifically address Kennedy's argument that the unlawful prong of the UCL was violated based on noncompliance with California Insurance Code section 10127, et seq. Judgment was entered subsequently against Kennedy, adjudicating all claims, including the unlawful-prong UCL claim, against her individually. In the instant case, this is Plaintiffs' only remaining claim: violation of the UCL premised on a section 10127 violation.

On March 12, 2012, the Central District judge sua sponte transferred this case to this Court, finding that such a transfer would be "in 'the interest of justice' to avoid any actual or perceived inconsistencies that could arise between rulings made in Kennedy and in the present case." Order Transferring Case, Docket No. 80.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare

3

recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

DISCUSSION

I. Statute of Limitations

Defendant's motion argues that Plaintiffs' UCL claim is barred by the four-year statute of limitations. Defendant reasons that the transactions of which Plaintiffs complain occurred five and six years before the filing of this lawsuit.

Plaintiffs oppose, arguing that, because they were members of the earlier Kennedy California class action, class action tolling applies under American Pipe & Constr. Co. v. Utah, 414 U.S. 538 (1974), and Crown, Cork & Seal, Inc. v. Parker, 462 U.S. 345 (1982). Those cases stand for the proposition that the filing of a class action tolls the statute of limitations for persons who would have been class members and who, at some point later in time, file new actions.

Whether or not the Kennedy class action tolls the statute of limitations as to the present UCL claim depends upon whether the substance of this claim differs from the claims alleged in Kennedy, because it is either a different cause of action or premised on a new legal theory not litigated in Kennedy. If the UCL claim was substantively alleged in Kennedy, then Kennedy may suspend the statute of limitations as to Plaintiffs, from October 2006 (when Kennedy was filed) to January 2011 (when the appeal was dismissed). See In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig., 2012 WL 1097244, at *3-4 (C.D. Cal.); Madani v. Shell Oil Co., 2008 WL 7856015, at *3 (C.D. Cal.). The Ninth Circuit has

4

recognized that tolling is fair under these circumstances because a defendant already has notice of the substantive claims raised against it by virtue of the earlier lawsuit. Williams v. Boeing Co., 517 F.3d 1120, 1136 (9th Cir. 2008). However, the Ninth Circuit cautioned that "the tolling rule does not 'leave[ ] a plaintiff free to raise different or peripheral claims following denial of class status.'" Id. (quoting Crown, Cork & Seal, 462 U.S. at 354 (Powell, J. concurring)) (brackets in original).

A review of the first amended complaint (1AC) in Kennedy, of which the Court takes judicial notice, reveals that the plaintiff in that case did assert an "unlawful" prong UCL claim, premised on violation of sections 10127.10 and 10127.13. See Mattson Decl., Ex. I (1AC), ¶ 154(b) (unlawful business practices claim under section 17200 premised on violations of sections 10127.10 and 10127.13, among other California Insurance Code violations). A closer look at the trajectory of the Kennedy litigation shows that, while not the primary focus of the case, an unlawful conduct UCL claim premised on violation of sections 10127.10 and 10127.13 was pursued.[1]

---

[1] While not material to the analysis, the Court notes that Defendant's first motion to dismiss in this case apparently recognized the viability of Plaintiffs' current UCL claim, which is premised solely on violations of sections 10127.10 and 10127.13. Statements made in Defendant's brief on that motion could be construed as an admission that tolling is appropriate. Compare Docket No. 24 at 1 (acknowledging that the Kennedy lawsuit involved "the same California statutory claims raised here," and that this lawsuit involves "the only legally cognizable issue not squarely addressed in Kennedy"), with Docket No. 24 at 14 (arguing that the elder abuse claim was not tolled by Kennedy).

5

First, Kennedy moved for class certification on behalf of the California class for all claims asserted, including the unlawful-prong UCL claim. While the bulk of the class certification motion was based on the alleged fraudulent misrepresentations and omissions, Kennedy also argued that a common legal question was present regarding whether Defendant's conduct was unlawful, unfair, or fraudulent, and whether it violated state statutes. See Mattson Decl., Ex. B., Motion for Class Certification at 22. Although sections 10127.10 and 10127.13 are not listed as specific examples of possible state law violations in the class certification motion, the Court finds that, when read in conjunction with the 1AC, Kennedy's arguments may be construed to refer to the state law violations alleged in paragraph 154(b) of the 1AC.

While the Court was considering the Kennedy class certification motion, Defendant moved for summary judgment on all of Kennedy's individual claims, including the UCL claim. Plavi Decl., Ex. B, Mot. for Summ. J. at 19-21. In its motion, Defendant argued that it did nothing unfair, unlawful, or fraudulent by failing to disclose that its independent representatives received commissions. Id. at 20. In opposition, Kennedy argued that her UCL claim was premised on both unlawful and unfair business practices. Mattson Decl., Ex. H, Opp. to Mot. for Summ. J. at 23. Kennedy explained that her UCL claim was based in part on unlawful business practices, including violations of California Insurance Code sections 10127.10 and 10127.13, and that she had evidence to prove her UCL claim. Id. Although it was not cited in Kennedy's opposition to the motion for summary

6

judgment, Plaintiffs now claim that certain of Defendant's responses to written Rule 30(b)(6) deposition questions in Kennedy admitted violations of section 10127, et seq. Opp. at 6 (citing Plavi Decl., Ex. G, Def.'s Resp. to Pl.'s Written Dep. Questions at 6, No. 15). Whether or not the evidence shows such violations, the fact that Kennedy embarked on seven months of motion practice to compel discovery regarding violations of section 10127, et seq. further demonstrates that Defendant was on notice of the fact that the unlawful-prong UCL claim premised on such violations was alleged. Opp. at 5-7.

In the order granting Defendant's motion for summary judgment in Kennedy, the Court stated that Kennedy's state law claims were based on the allegation that she suffered injury as a result of Defendant's fraud. See Kennedy, 2010 WL 4123994, at *13. The Court rejected Kennedy's unlawful-prong section 17200 claim, finding that the early withdrawal charges and interest penalties complained of by Kennedy did not violate the RICO statute. Id. at *14. While the opinion did not address whether California Insurance Code section 10127, et seq., were violated as an alternate basis for Kennedy's unlawful-prong UCL claim, as noted above, the ruling was an implicit rejection of that alternate unlawful-prong theory, which is the only claim raised in the instant case. Although the Court's ruling rejected this theory on the merits, the Court reiterates that Defendant's motion for summary judgment in Kennedy was brought as to Kennedy's individual claims only, not as to the class claims as a whole. Id. at *1.

In light of the fact that (1) Plaintiffs' unlawful-prong UCL claim, premised on violation of sections 10127.10 and 10127.13,

7

was asserted by Kennedy in her 1AC, (2) state law violations were argued in support of the predominance factor in the Kennedy motion for class certification, (3) Kennedy opposed summary judgment on the grounds that her UCL claim also encompassed state statutory violations, specifically giving as examples sections 10127.10 and 10127.13, and (4) the parties engaged in a protracted discovery dispute regarding compliance with sections 10127.10 and 10127.13, the Court concludes that Defendant was given fair notice of the substantive claim raised against it by virtue of the Kennedy class action. See Williams, 517 F.3d at 1136. Accordingly, Plaintiffs' present UCL claim, which is substantively the same as that raised in Kennedy, may be tolled for the duration of the Kennedy litigation. Although the Court granted summary judgment in favor of Defendant on Kennedy's individual claims, this ruling was issued after the motion for class certification had already been granted, Order Granting Pl.'s Mot. for Class Certification, Kennedy, Docket No. 247, and the class was never decertified before the litigation concluded. See Crown, Cork & Seal, 462 U.S. at 353-54 (commencement of class action tolls statute of limitation for putative class members until class certification is denied).

The parties agree that the statute of limitations under the UCL is four years. Plaintiffs purchased their deferred annuities in August 2005 and March 2006. Defendant does not dispute that, if the period from October 2006 to January 2011 is tolled, Plaintiffs' claim does not fall outside the requisite four-year period. Because the Court finds that class action tolling applies to the UCL claim here, and because Plaintiffs filed this case on

8

1 March 2, 2011, Plaintiffs' claim is not barred by the statute of
2 limitations.
3 II.  Tolling as to the Derry Class
4    Defendant argues that even if class action tolling can save
5 the named Plaintiffs' claims, tolling is not available for
6 putative class members.  Mot. at 7.
7    Plaintiffs respond that the cases cited by Defendant are
8 inapplicable because they involve the denial of class
9 certification, or decertification, in an earlier class action,
10 followed by an attempt to re-litigate or correct previously
11 identified procedural deficiencies in the class certification
12 request.  (Opp. at 9.
13    The Ninth Circuit has recognized that tolling the statute of
14 limitations period from one class action to a subsequently filed
15 class action, or  "stacking" the limitations periods, is not
16 permissible under the tolling doctrines of American Pipe and
17 Crown, Cork & Seal.  See Robbin v. Fluor Corp., 835 F.2d 213, 214
18 (9th Cir. 1987).  However, the Ninth Circuit later recognized that
19 exceptions to this rule may exist when a subsequent class of
20 plaintiffs is "not attempting to relitigate an earlier denial of
21 class certification, or to correct a procedural deficiency in an
22 earlier would-be class." Catholic Social Services, Inc. v. INS,
23 232 F.3d 1139, 1149 (9th Cir. 2000) (CSSI).  In CSSI, the Ninth
24 Circuit based its decision to allow tolling for subsequent classes
25 in a later class action on the fact that members of the classes in
26 the later action were members of the classes certified in the
27 earlier action.  Id.  This allowed the court to conclude that
28 "substantive claims asserted in [the later] action [were] thus

9

within the scope of those asserted in the earlier action," and that "the dismissal of that action did not result from an adverse decision on the merits of any of those claims."[2]  Id.

Although the Ninth Circuit has not considered the precise question at issue in this case, whether tolling may be applied to a subsequent class action where class certification was granted, but the case ended before the class claims were litigated due to an adverse ruling against the individual named plaintiff's claims, the Court finds this case analogous to the circumstances presented by the subsequent class in CSSI.  Plaintiffs here are not attempting to relitigate an earlier denial of class certification or correct a procedural deficiency that barred the claims of an earlier class.  To the contrary, the Court previously certified the Kennedy class.  This is not a situation where procedural deficiencies plagued the first class.  Members of the putative Derry class were also members of the earlier-certified Kennedy class, and the substantive UCL claim asserted here was within the scope of the UCL claim asserted in Kennedy.

Lastly, the Court cannot conclude that the grant of summary judgment in Kennedy constitutes an adverse decision on the merits of the class claims in Kennedy.  This would indeed prevent tolling from benefitting the subsequent claims here because Plaintiffs

---

[2] In CSSI, the Ninth Circuit also recognized that some district courts have allowed class action tolling to benefit a second class action where the second action "did not seek to relitigate an earlier certification denial or to cure an earlier procedural deficiency."  Id. at 1149 n.3 (citing Shields v. Smith, 1992 WL 295179 (N.D. Cal.) (not reported); Schur v. Friedman & Shaftan, 123 F.R.D. 611 (N.D. Cal. 1988)).

would not be afforded a second chance to relitigate failed claims before a different court. Although the Court granted summary judgment in favor of Defendant, the ruling was with respect to Kennedy's individual claims only. No decision on the merits, adverse or otherwise, was reached as to the class claims because notice which could bind the class had not yet been issued.

Under Federal Rule of Civil Procedure 23(c)(3), when a court certifies a class under Rule 23(b)(3), as was done in Kennedy, in order for the judgment entered to be binding on the class, the judgment must describe the class members to whom notice was directed, who had not requested exclusion, and whom the court finds to be class members. Federal Rule of Civil Procedure 23(c)(3)(B). This rule concerning class judgments presupposes that class notice was sent, in which the binding effect of a class judgment is fully explained to members of the class. See Federal Rule of Civil Procedure 23(c)(2)(B)(vii). Because Defendant sought summary judgment in Kennedy as to Kennedy's individual claims before class notice was disseminated, the Court's ruling granting summary judgment in that case cannot be construed to apply to the Kennedy class members. Indeed, such a ruling would contravene the purpose of the notice requirements mandated under Rule 23. See also Schwarzschild v. Tse, 69 F.3d 293, 296 (9th Cir. 1995) (recognizing that notice must be sent before a judgment is entered, and declining to impose the mandatory notice requirements of Rule 23(c)(2) after summary judgment had already been granted on defendant's own motion). Accordingly, there is no legal basis to reject application of the Ninth Circuit's reasoning in CSSI to this case.

11

III. The Request for Rescission

Defendant moves to strike the portion of Plaintiffs' prayer for relief seeking rescission as a remedy for their UCL claim. Mot. at 8. Plaintiffs agree that it should be stricken. Opp. at 3. Thus, Defendant's motion to strike is GRANTED.

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendant's motion to dismiss and GRANTS its motion to strike (Docket No. 71). The case management conference is currently set for Wednesday, July 18, 2012 at 2:00 p.m.

IT IS SO ORDERED.

Dated: 6/4/2012

CLAUDIA WILKEN
United States District Judge