**Peter I. Ostroff (SBN 045718)**
postroff@sidley.com
**Sean A. Commons (SBN 217603)**
scommons@sidley.com
**Sidley Austin LLP**
**555 West Fifth Street**
**Los Angeles, California 90013**
Tel:   (213) 896-6000
Fax:   (213) 896-6600

**Joel S. Feldman (admitted** *pro hac vice***)**
jfeldman@sidley.com
**Eric S. Mattson (admitted** *pro hac vice***)**
emattson@sidley.com
**Christopher M. Assise (admitted** *pro hac vice)*
cassise@sidley.com
**Sidley Austin LLP**
**One South Dearborn Street**
**Chicago, Illinois 60603**
Tel:   (312) 853-7000
Fax:   (312) 853-7036

**Attorneys for Defendant**
**Jackson National Life Insurance Company**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NANCY MEADOWS, as Trustee of the Estate of Maxine Derry, and RUSSEL HEMAN, individually and on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>JACKSON NATIONAL LIFE INSURANCE COMPANY, a Michigan corporation,<br><br>    Defendant. | Civil Action No. 4:12-cv-01380-CW<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**<br><br>**The Honorable Claudia Wilken** |

In order to protect confidential and trade secret proprietary information and sensitive personal information, good cause appearing, and based on the stipulation of the parties to this action by and through their attorneys of record, IT IS HEREBY ORDERED AS FOLLOWS:

1. Scope. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (collectively, "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of the Northern District of California and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. Confidential Information. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by rule or statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records. Information or documents that are available to the public may not be designated as Confidential Information.

3. Designation.

    (a) A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" include electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The

marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information need not be marked.

(b) The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this order.

4. Depositions. Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until 14 days after the transcript is received by the designating party. Within this time, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information. Thereafter only the portions identified in the Notice of Designation shall be protected by this Order.

5. Protection of Confidential Material.

(a) General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. Confidential Information may be disclosed only to the named plaintiff and not to any other member of the putative class unless and until a class has been certified.

      (b)      Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9):

    (1)      Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

    (2)      Parties. Individual parties and employees of a party but only to the extent in-house or outside counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation;

    (3)      The Court and its personnel;

    (4)      Court reporters and recorders engaged for depositions;

    (5)      Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

    (6)      Consultants and experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

    (7)      Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

    (8)      Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

    (9)      Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

      (c)      Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.

6. Inadvertent Failure to Designate. An inadvertent failure to designate a document or deposition testimony as Confidential Information does not, standing alone, waive the right to so designate the document or testimony. If a party designates a document as Confidential Information after it was initially produced, or if a party designates deposition testimony as Confidential Information more than 14 days after receiving the transcript, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7. Filing of Confidential Information. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with the Local Rules of the Northern District of California.

8. Challenges by a Party to Designation as Confidential Information. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for her or its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within seven days.

5
**STIPULATION AND [PROPOSED] CONFIDENTIALITY ORDER – 4:12-cv-01380-CW**

    (b)  Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

  9.  Action by the Court. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

  10.  Use of Confidential Documents or Information at Trial. Nothing in this Order shall be construed to affect the use of any document, material, or information at trial. A party that intends to present or that anticipates that another party may present Confidential information at trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

  11.  Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

    (a)  If a receiving party is served with a document request, subpoena or order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. The notification must include a copy of the subpoena or court order.

(b)  The receiving party also must immediately inform in writing the party who caused the document request, subpoena or order to issue in the other litigation that some or all of the material covered by the document request, subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)  The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the document request, subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

12.  Challenges by Members of the Public to Sealing Orders. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

13.  Obligations on Conclusion of Litigation.

(a)  Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment.

(b)  Obligations at Conclusion of Litigation. Within 63 days after dismissal or entry of final judgment, all Confidential Information and documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," including copies as defined in

7

**STIPULATION AND [PROPOSED] CONFIDENTIALITY ORDER – 4:12-CV-01380-CW**

¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c) Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d) Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

(e) Order Subject to Modification. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

(f) No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to

protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until the Court rules on a specific document or issue.

14. Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**15.    Compliance With Local Rule 79-5. Nothing in this order shall be construed an in any way conflicting with, suspending, or modifying Local Rule 79-5.**

Dated: December 10, 2012

                                               SIDLEY AUSTIN LLP

                                               By: /s/ Eric S. Mattson_____
                                                    Attorneys for Defendant
                                                    Jackson National Life Insurance Company

Joel S. Feldman
jfeldman@sidley.com
Eric S. Mattson
emattson@sidley.com
Christopher M. Assise
cassise@sidley.com
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
Tel:    (312) 853-7000
Fax:    (312) 853-7036

Peter I. Ostroff (SBN 045718)
postroff@sidley.com
Sean A. Commons (SBN 217603)
scommons@sidley.com
Sidley Austin LLP
555 West Fifth Street
Los Angeles, California 90013
Tel:    (213) 896-6000
Fax:    (213) 896-6600

|   |   |
|---|---|
| 1 | FINKELSTEIN AND KRINSK |
| 2 | |
| 3 | By: /s/ C. Michael Plavi II<br>Attorneys for Plaintiffs<br>Nancy Meadows, as Trustee of the<br>Estate of Maxine Derry, and Russel<br>Heman, individually and on behalf of<br>themselves and all others similarly<br>situated |

JEFFREY R. KRINSK
jrk@classactionlaw.com
HOWARD D. FINKELSTEIN
hdf@classactionlaw.com
MARK L. KNUTSON
mlk@classactionlaw.com
C. MICHAEL PLAVI II
cmp@classactionlaw.com
501 W. Broadway, Suite 1250
San Diego, CA 92101

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: 12/11/2012

_____
United States District Judge

# ATTACHMENT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NANCY MEADOWS, as Trustee of the Estate of Maxine Derry, and RUSSEL HEMAN, individually and on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>        vs.<br><br>JACKSON NATIONAL LIFE INSURANCE COMPANY, a Michigan corporation,<br><br>        Defendant. | Civil Action No. 4:12-cv-01380-CW<br><br>**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND** |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned acknowledges that he/she has read the Confidentiality Order dated December ___, 2012 in this case and attached hereto, understands the terms of the Confidentiality Order, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of California in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information solely for the purposes of this lawsuit, and not to disclose any such Confidential Information to any other person.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job title: _____

Employer: _____

Business Address: _____

_____

_____


Date: _____     Signature: _____