IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXINE DERRY; and RUSSELL HEMEN, individually and on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>JACKSON NATIONAL LIFE INSURANCE COMPANY,<br><br>    Defendant.<br>_____/ | No. C 12-1380 CW<br><br>ORDER RE: REVISED PROPOSED NOTICE AND ORDER |

On August 1, 2013, the Court conducted a hearing on Plaintiffs' unopposed motion for preliminary approval of class action settlement. At the hearing the Court raised certain concerns about Plaintiffs' proposed class notice and proposed order preliminarily approving the settlement. The Court directed the parties to meet and confer about changes to the proposed class notice and proposed order and to negotiate any necessary changes to the settlement agreement. On October 7, 2013, the Court ordered the parties to submit the revised documents within seven days or, if the parties were unable to agree, to submit individual versions.

In response to the October 7, 2013 order, Plaintiffs filed a brief indicating that the parties "have reached an impasse as to the production of the necessary information by Defendant . . . to prepare a settlement valuation." Docket No. 142. Plaintiffs further stated that they were "not able to agree upon or submit a revised proposed class notice and proposed order prior to valuing

the settlement." Id. Defendant filed a brief stating its belief that (1) the parties were not a true impasse with respect to the production of information related to the settlement valuation and (2) the parties need not resolve that issue prior to submitting the revised documents. Defendant submitted a revised proposed class notice and proposed order addressing the concerns discussed at the preliminary approval hearing.

On October 18, 2013, the Court issued an order directing Plaintiffs to inform the Court whether they agreed to the proposed class notice and proposed order preliminarily approving the class action settlement filed by Defendant. The Court also directed the parties to meet and confer regarding the data necessary for the valuation of the class action settlement and to consult with the mediator on the issue. The Court further advised Plaintiffs that, if necessary, they could file a discovery motion.

Plaintiffs have now filed a response, with additional changes to both the class notice and the proposed order. Defendant has filed a further response objecting to some of Plaintiffs' changes. Defendant objects to (1) Plaintiffs' insertion of a cy pres provision in the proposed preliminary approval order and (2) Plaintiffs' insertion of a statement in section 5 of the class notice advising class members who have not previously surrendered their policies to "immediately compare their current policy cash accumulation value and surrender value to carefully consider whether to surrender their Jackson policy as a result of the 22% reduction of the surrender charge."

The Court agrees that the insertion of the cy pres provision represents a change to the terms of the settlement that is not

2

permitted under the terms of the settlement agreement without agreement from both parties and approval of the Court. See Settlement Agreement ¶ 16. Moreover, the settlement agreement does not give the Court authority to modify the form of the class notice absent agreement from both parties. See Settlement Agreement ¶ 10. Attached is a class notice incorporating Defendant's changes and Plaintiffs' changes to which Defendant did not object. Within one week of the date of this order, the parties shall inform the Court whether they agree to this class notice.

The Court will delay the preliminary approval of the class action settlement and issuance of the class notice until the parties have resolved the discovery dispute regarding the information Plaintiffs seek to conduct the valuation of the settlement. At that time, unless the parties submit a different, agreed-upon proposed order, the Court will enter the proposed order submitted by Defendant. Neither party has provided further information regarding the status of the dispute regarding the information necessary for the valuation of the settlement. Within one week of the date of this order, the parties shall submit a status report, describing their efforts to resolve the issue to date and the remaining disputes, if any. If, at the time of the filing of the status report, the issue is not fully resolved, the parties shall schedule a telephone conference with Justice Trotter or Plaintiffs shall file a discovery motion, or both. The telephone conference must be scheduled or the discovery motion filed, or both, by November 20, 2013.

1   The parties are reminded of their duty to attempt to resolve
2 issues related to discovery and the settlement prior to raising
3 them with the Court.  The Court will not consider further disputes
4 unless the parties present evidence that senior attorneys for both
5 sides have met and conferred in person to attempt to resolve the
6 issues.

7   IT IS SO ORDERED.

Dated: 11/5/2013

CLAUDIA WILKEN
United States District Judge