**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| NANCY MEADOWS, as Trustee of the Estate of Maxine Derry, and RUSSEL HEMAN, individually and on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  vs.<br><br>JACKSON NATIONAL LIFE INSURANCE COMPANY, a Michigan corporation,<br><br>    Defendant. | Case No. C 12-1380<br><br>Hon. Claudia Wilken<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT** |

The Court has considered the petition of Nancy Meadows, as Trustee of the Estate of Maxine Derry, and Russel Heman (collectively "Plaintiffs") requesting preliminary approval of the class action settlement (the "Settlement Agreement") with defendant Jackson National Life Insurance Company ("Jackson"). The Court finds as follows:

  (a)  The settlement proposed in the Settlement Agreement has been negotiated at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class (as defined below);

  (b)  The form of notice to the Settlement Class (attached as Exhibit A to this order) and the method of providing notice to the Settlement Class (as described in paragraph 10 of the Settlement Agreement) comply with Federal Rule of Civil Procedure 23 and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to everyone entitled to notice of the settlement of the Lawsuit; and

[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

(c) With respect to the Settlement Class, this Court finds that, for settlement purposes only, certification is appropriate under *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

**IT IS THEREFORE ORDERED THAT:**

1. The following class (the "Settlement Class") is conditionally certified pursuant to *Amchem*:

> All purchasers of fixed or fixed index annuities that Jackson distributed in California to persons age 60 and older beginning October 24, 2002 and ending January 12, 2012.

2. Plaintiffs are designated as representatives of the Settlement Class.

3. Finkelstein & Krinsk LLP; Bonnett, Fairbourn Friedman & Balint, P.C.; Evans Law Firm, Inc.; Barrack, Rodos & Bacine; and Robbins Geller Rudman & Dowd LLP are appointed as Class Counsel.

4. If the Settlement Agreement is not finally approved in all material respects, or is reversed, vacated, or modified in any material respect by the Court or any other court, the Settlement Agreement will be void, Plaintiffs and Jackson will be restored to their respective positions as of the date the Settlement Agreement was signed, any certification of the Settlement Class will be vacated, and the Lawsuit will proceed as though the Settlement Class had never been certified. If the Settlement Agreement does not receive full and final judicial approval, Jackson retains the right to object to the propriety of class certification.

5. The form of notice to the Class Members (attached as Exhibit A to this order) is approved.

6. Jackson will send the notice, at its own cost, to be postmarked within 63 days of the entry of this order, by first-class mail to the Class Members in accordance with paragraph 10 of the Settlement Agreement. For any skip-tracing required by the Settlement Agreement, Jackson will use a reputable skip-tracing service and will disclose the name of that service to the Court and to Class Counsel. To the extent that Jackson is unable to locate Class Members, it will provide Class Counsel

with their names and will describe the efforts it undertook to find them. Class Counsel shall review and verify the reasonableness of Jackson's process in this regard. This notice complies with the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is sufficient notice to everyone entitled to notice of the settlement of the Lawsuit.

7.  The final hearing to determine whether the settlement is fair, reasonable, and adequate, and whether it should be approved, will be conducted at 2:00 p.m. on Thursday, April 17, 2014, in Courtroom 2.

8.  Any request for exclusion from the Settlement Class must be in writing and must state the name, address, and phone number of the person seeking exclusion. Each request must contain a signed statement to the following effect: "I request to be excluded from the proposed Settlement Class in the Derry lawsuit." The Class Notice will direct Class Members to provide Jackson with the last four digits of their Social Security numbers, but the failure to provide this information shall not invalidate the opt-out request. The request must be mailed to Jackson at the address provided in the Class Notice, and must be postmarked no later than March 20, 2014. Jackson will submit to the Court and serve on Class Counsel a list of Class Members seeking to opt out by March 27, 2014. Jackson will also provide plaintiff's counsel with a list of anyone who purported to opt out whose request to opt out was deemed invalid. Class Counsel shall review this list and verify the reasonableness of Jackson's decisions in this regard.

9.  Only Class Members who have not opted out have the right to object to the proposed settlement. No Class Member will be heard and no papers submitted by any Class Member will be considered by the Court unless, no later than March 20, 2014, the Class Member files with the Court written objections that include (1) the title of the case, (2) the Class Member's name, address, telephone number, and the last four digits of his or her Social Security number; (3) the approximate

date when the Class Member bought a fixed or fixed index annuity from Jackson; (4) all legal and factual bases for any objection; and (5) copies of any documents that the Class Member wants the Court to consider. Any Class Member who fails to object in this manner will be deemed to have waived his, her or its objections. Plaintiffs and Jackson must file their responses to any objections no later than April 3, 2013. There will be no replies.

10. The amount of the Class Counsel Payment and the Incentive Awards to the Plaintiffs under paragraph 5 of the Settlement Agreement will be determined at the fairness hearing. Class Counsel shall file by February 27, 2014 a petition for approval of the Class Counsel Payment and the Incentive Awards to the Plaintiffs. Jackson shall post the fee application on the settlement website promptly after it is filed with the Court.

11. In aid of the Court's jurisdiction to implement and enforce the proposed settlement, Plaintiffs and all Class Members are preliminarily enjoined from commencing or prosecuting any action asserting any of the Released Claims (as defined in paragraph 8 of the Settlement Agreement), either directly, representatively, derivatively, or in any other capacity, in any court or other forum.

12. The Court may, for good cause, extend any of the deadlines in this order or continue the final approval hearing without further notice to the Settlement Class.

**IT IS SO ORDERED**

_____
Hon. Claudia Wilken
United States District Judge