1  FINKELSTEIN & KRINSK LLP
   JEFFREY R. KRINSK (109234)
2  jrk@classactionlaw.com
   MARK L. KNUTSON (131770)
3  mlk@classactionlaw.com
   501 West Broadway, Suite 1250
4  San Diego, CA 92101
   Tel: (619) 238-1333
5  Fax: (619) 238-5425

6  EVANS LAW FIRM, INC.
   INGRID M. EVANS (179094)
7  Ingrid@evanslaw.com
   3053 Fillmore Street, Suite 236
8  San Francisco, CA 94123
   Telephone: 415/441-8669
9  888/891-4906 (fax)

10 Attorneys for Class Plaintiffs
11 [Additional counsel listed on signature page]

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14                    OAKLAND DIVISION

15  NANCY MEADOWS, as Trustee of the      )  Civil Action No. C 12-1380 CW
    Estate of Maxine Derry, and RUSSEL    )
16  HEMAN, Individually, and on Behalf of )  CLASS ACTION
    Themselves and All Others Similarly   )
17  Situated,                             )
                                          )  MEMORANDUM OF LAW IN SUPPORT OF
18                          Plaintiffs,   )  MOTION FOR FINAL APPROVAL OF
                                          )  CLASS ACTION SETTLEMENT
19          vs.                           )
                                          )
20                                        )
                                          )  Date: April 17, 2014
21  JACKSON NATIONAL LIFE                 )  Time: 2:00 p.m.
    INSURANCE COMPANY, a Michigan         )  Place: Ctrm No. 2
22  corporation,                          )  Judge: Chief Judge Claudia Wilken
                                          )
23                          Defendant.    )
                                          )
24  _____)

25

26

27

28

1

## TABLE OF CONTENTS

2

3 I. INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4
5 II. SUMMARY OF THE LITIGATION. . . . . . . . . . . . . . . . . . . . . . . . . . . 4

6 III. THE PROPOSED SETTLEMENT CLASS SATISFIES THE
7 REQUIREMENTS FOR CERTIFICATION . . . . . . . . . . . . . . . . . . . . 5

8 A. DEFINITION OF THE PROPOSED SETTLENENT CLASS . . . . . . . 5

9 B. THE SETLEMENT CLASS SATISFIES THE REQUIREMENTS
10 FOR CERTIFICATION OF A RULE 23(b)(3) SETTLEMENT
11 CLASS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

12 1. The Settlement Class Certifies Rule 23(a) . . . . . . . . . . . . . . . . . . . 6
13 2. The Settlement Class Certifies Rule 23(b) (3) . . . . . . . . . . . . . . . . 9

14 IV. THE PROPOSED SETTLEMENT IS FAIR, REASONABLE,
AND ADEQUATE AND SHOULD BE FINALLY
15 APPROVED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

16
A. APPLICABLE LEGAL STANDARDS FOR
17 FINAL APPROVAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

18
B. THE TERMS OF THE AGREEMENT ARE FAIR,
19 REASONABLE AND ADEQUATE. . . . . . . . . . . . . . . . . . . . . . . . . . 12

20
1. Monetary Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13
21 2. Other Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

22
C. THE AGREEMENT SATISFIES NINTH CIRCUIT
23 LAW AND WARRANTS FINAL APPROVAL . . . . . . . . . . . . . . . . .14

24
1. The Strength of Plaintiffs' Case/Risks of Further
25 Litigation/Risks of Maintaining Class Action Status . . . . . . . . . . 14
2. The Proposed Agreement Has "No Obvious Deficiencies" . . . . . . 15
26 3. The Proposed Relief Does Not "Grant Preferential
Treatment to the Class Representative" . . . . . . . . . . . . . . . . . . . . . 15
27 4. The Proposed Relief is Within the "Range of
Possible Approval" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17
28

i

6.   The Agreement is the Product of Extensive Litigation
and Serious, Informed, Non-Collusive Negotiations . . . . . . . . . . 20
7.   The Reaction of the Class Members is
Overwhelmingly Positive . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .21

**V.    THE IMPLEMENTED NOTICE PROGRAM PROVIDES
ADEQUATE NOTICE TO THE SETTLEMENT CLASS** . . . . . . . . 22

A.  THE NOTICE PROGRAM PROVIDED THE BEST
PRACTICABLE NOTICE TO ALL IDENTIFIABLE
SETTLEMENT CLASS MEMBERS . . . . . . . . . . . . . . . . . . . . . . . . 23

B.  THE NOTICE PROGRAM ADEQUATELY INFORMED
SETTLEMENT CLASS MEMBERS OF THE AGREEMENT . . . . . . . 24

**VI.    CONCLUSION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .25

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT

1

# **TABLE OF AUTHORITIES**

2

3

<u>FEDERAL</u>                                                                 <u>PAGE</u>

4

5

*Amchem Prods., Inc. v. Windsor*
521 U.S. 591, 619 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

6

*Armstrong v. Davis*
275 F.3d 849 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

7

8

*Chisolm v. TranSouth Fin. Corp.*
194 F.R.D. 538 (E.D. Va. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

9

*Churchill Village, L.L.C. v. General Elec.*
361 F.3d 556 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . .6, 12, 22, 24

10

11

*Class Plaintiffs v. City of Seattle*
955 F.2d 1268 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5, 12

12

*General Tel. Co. v. Falcon*
457 U.S. 147 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

13

14

*Hanlon v. Chrysler Corp.*
150 F.3d 1011 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

15

*In re Am. Investors Life Ins. Co. Annuity Mktg. and Sales Practices Litig.*
263 F.R.D. 226 (E.D. Pa. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

16

17

*In re Bluetooth Headset Products Liab. Litig.*
*654 F.3d 935 (9th Cir. 2011)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

18

19

*In re CV Therapeutics*
No. C-03-3709 (SI), 2007 WL 1033478 (N.D. Cal. Apr. 4, 2007) . . . . . .16

20

21

*In re Emulex Corp. Sec. Litig.*
210 F.R.D. 717 (C.D. Cal 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

22

23

*In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*
55 F.3d 768 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

24

25

*In re Intergra Realty Res., Inc.*
262 F.3d 1089 (10th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

26

27

*In re Mego Fin. Corp. Sec. Litig.*
213 F.3d 454 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

28

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT

*In re Nat'l W. Life Ins. Deferred Annuities Litig.*
   268 F.R.D. 652 (S.D. Cal. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*Mullane v. Central Hanover Bank & Trust Co.*
   339 U.S. 306 (1950) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .23

*Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*
   221 F.R.D. 523 (C.D. Cal. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 21

*Negrete v. Allianz Life Ins. Co.*
   238 F.R.D. 482 (C.D. Cal. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*Negrete v. Fidelity and Guar. Life Ins. Co.*
   No. 05-6837-CAS (MANx) (C.D. Cal.) . . . . . . . . . . . . . . . . . . . . . . . 10, 18

*Officers for Justice v. Civil Serv. Comm'n,*
   688 F.2d 615 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3, 11

*Rodriquez v. West Publ'g Co.*
   563 F.3d 948 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3, 14

*Strube v. Am. Equity Inv. Life Ins. Co.*
   226 F.R.D. 688 (M.D. Fla. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Wal-Mart Stores, Inc. v. Dukes*
   __ U.S. __, 131 S.Ct. 2541 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Young v. Polo Retail, LLC*
   No. C-02-4546, 2006 WL 3050861(N.D. Cal. Oct. 25, 2006) . . . . . . . . . 15

*Zhu v. Fujitsu Group 401(k) Plan*
   2004 WL 3252573 (N.D. Cal. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

*Zinser v. Accufix Research Inst., Inc.*
   253 F.3d 1180 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## STATUTES

Cal. Ins. Code §§ 10127. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

Fed. R. Civ. Proc. 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

Fed. R. Civ. Proc. 23(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Fed. R. Civ. Proc. 23(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3, 11

Fed. R. Civ. Proc. 23(e)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

Plaintiff and Class Representative Nancy Meadows, as Trustee of the Estate of Maxine Derry, and Russel Heman ("Plaintiffs"), respectfully submit this memorandum in support of their motion for final approval of the parties' Settlement Agreement and Release, dated as of June 21, 2013. [Dkt. # 135-1]

## I.    INTRODUCTION

The proposed Class Action Settlement Agreement (the "Agreement") [Dkt. # 135-1], achieves an excellent result for more than 40,000 consumers principally located in California who are included in the proposed Settlement Class.[1]  The total amount of cash benefits that Class Plaintiffs' actuary anticipates will be automatically refunded and/or credited to members of the settlement class by defendant Jackson National Life Insurance Company ("JNL") is in excess of $11.2 million.  Declaration of Terry Long, FSA, MAAA, in Support of Final Approval of Stipulated Settlement at ¶ 4 ("Long Decl.") [Dkt. # 4].

JNL has agreed to provide substantial economic benefits to the Settlement Class in the form of either automatic cash payments or account credits to the applicable benefit amount for Class Member annuities that are equal to 22% of any

---

[1] The "Class" for purposes of the Agreement is defined as "[A]ll purchasers of fixed or fixed indexed annuities that [JNL] *distributed* in California to persons age 60 and older beginning October 24, 2002 and ending January 12, 2012." Agreement, at p.3, ¶ 1. The "distributed" aspect of the Class is a result of Cal. Ins. Code §§ 10127, *et seq.*, which limits its jurisdictional reach to annuity contracts distributed within California (even though the annuitant may later relocate out of state).

1

surrender charges previously imposed on Class Member annuity accounts.   In addition, JNL has agreed to automatically reduce any surrender charges imposed on Class Member in the future by 22%. *See*, *e.g.*, Joint Declaration of Jeffrey R. Krinsk and Ingrid M. Evans in Support of Final Approval of Class Action Settlement And For Approval Of Award of Attorneys' Fees, Reimbursement of Expenses and Service Awards ("Joint Decl.") at ¶ 35, and Settlement at pp. 3-5. [Dkt. # 135-1].

In essence, the Agreement is structured so that even Class Members who have not yet incurred any actual damages for the partial or full surrender of their JNL annuity will be compensated if they surrender during the surrender charge period.  Most importantly, every Class member, regardless of age or annuity status, will receive these benefits automatically by virtue of their membership in the Class – **no claim form is necessary**.

The parties reached this Agreement only after extensive, hard-fought, arm's length negotiations, which lasted nearly 13 months and included: numerous meetings; participation in multiple substantive telephone conferences; exchanging numerous emails and discovery/settlement proposals; plaintiffs defending against JNL's motion to dismiss and to strike portion of Plaintiffs' first amended complaint [Dkt. #'s 24, 26], preparation of a second amended complaint [Dkt. # 65], successfully opposing JNL's motion to dismiss Plaintiffs' second amended

2

complaint [Dkt. #'s 71, 73, 91], Plaintiffs' preparation of their two motions for class certification [Dkt. # 37, 118-119], and Plaintiffs' preparation of their opposition to JNL's motion for summary judgment [Dkt. #'s 114, 118-121].

Counsel for the parties attended several face-to-face meetings, participated in multiple conference calls and collectively worked several hundred hours to reach the terms embodied in the Agreement. Joint Decl., ¶¶17, 21, 28-33. The Agreement fully, fairly, and finally resolves the claims of Plaintiffs and other Settlement Class Members and will eliminate the substantial expense, risks and uncertainties associated with continued litigation. The proposed Agreement compares very favorably with class settlements approved in similar cases involving the sale of deferred annuities, appropriately reflects the strengths and weaknesses associated with Plaintiffs' claims, and provides finality and certainty to JNL and all Class Members.

Consistent with relevant Ninth Circuit authority, the parties' Agreement should be reviewed pursuant to Federal Rule of Civil Procedure 23(e) under "the universally applied standard [of] whether the settlement is fundamentally fair, adequate, and reasonable." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). Courts should examine "the settlement taken as a whole, rather than the individual component parts ... for overall fairness." *Rodriquez v.*

3

1  *West Publ'g Co.*, 563 F.3d 948, 964 (9th Cir. 2009) (quoting *Hanlon v. Chrysler*

2  *Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

3

4   As discussed below, the substantial and valuable economic relief attained as

5  a result of this Agreement, as well as the complete satisfaction of Rule 23

6  requirements, mandates a finding that the Agreement is fair, reasonable and

7

8  adequate. Further, the proposed Settlement Class meets the requirements for

9  certification of a settlement class, the Notice Program satisfies Rule 23(c)(2)(B)

10  and (e)(B), and it has provided the best notice practicable under the circumstances.

11

12  Plaintiff therefore moves this Court for a final order and judgment:

13   (1) granting final approval to the Class Action Settlement Agreement
      dated June 21, 2013 and preliminarily approved by the Court on
14      November 19, 2013; (2) finally certifying the Settlement Class for
15      settlement purposes and appointing Plaintiff as Class
        Representative and Finkelstein & Krinsk LLP and The Evans Law
16      Firm, Inc.; Robbins, Geller, Rudman & Dowd, LLP; and Barrack
17      Rodos & Bacine LLP as Class Counsel; and (3) finding that the
        Notice Program has been adequate and reasonable, has met the
18      requirements of Rule 23, and has constituted the best notice
19      practicable under the circumstances.

20

21  **II.   SUMMARY OF THE LITGATION**

22   For a comprehensive description of the history of the litigation and summary

23  of the extensive settlement negotiations, Plaintiffs respectfully refer the Court to

24  their Memorandum of Law in Support of Motion for Award of Attorneys' Fees,

25

26

27

28

Reimbursement of Expenses, and Service Award at pp. 4-16, filed February 27, 2014, as well as, Joint Declaration, ¶¶ 5-33, concurrently filed herewith.

## III. THE PROPOSED SETTLEMENT CLASS SATISFIES THE REQUIREMENTS FOR CERTIFICATION

Strong judicial policy favors settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). In its Preliminary Approval Order, ("Order") of November 19, 2013, the Court provisionally certified the settlement as being "fair, reasonable, adequate and in the best interests of the Settlement Class." Order at p. 1. The Court further determined that mailing the Class Notice to the last known address of Class Members "constitute the best notice practicable under the circumstances," and that the notice provisions of the Agreement comply with the requirements of Rule 23 of the Federal Rules of Civil Procedure. Order at ¶ 6. The Court also found that Plaintiffs may serve as Class Representatives, and appointed the law firms of Finkelstein & Krinsk LLP, Bonnett, Fairbourn Friedman & Balint, P.C., The Evans Law Firm, Inc., Robbins Geller, Rudman & Dowd, LLP, and Barrack Rodos & Bacine LLP to serve as Class Counsel pursuant to Rule 23(g)(1). Order at ¶¶ 2, 3.

### A. DEFINITION OF THE PROPOSED SETTLEMENT CLASS

Pursuant to Rule 23(b)(3), Plaintiffs request that the Court finally certify the settlement class defined as follows:

5

1   All purchasers of fixed or fixed index annuities that Jackson
2   distributed in California to persons age 60 and older beginning
    October 24, 2002 and ending January 12, 2012.
3

4   Agreement, at p. 2, ¶ 1.

5       B.    THE SETTLEMENT CLASS SATISFIES THE
              REQUIREMENTS FOR CERTIFICATION OF
6             A RULE 23(b)(3) SETTLEMENT CLASS

7       Certifying a settlement class is part of the approval of class action

8   settlements. *Churchill Village, L.L.C. v. General Elec.*, 361 F.3d 556, 572 (9th Cir.
9
10  2004). As explained below, the Settlement Class fully satisfies the requirements of

11  certification under Federal Rules 23(a) and (b)(3).

12          1.    The Settlement Class Satisfies Rule 23(a)
13
14      Federal Rule of Civil Procedure, Rule 23(a) includes four subparts, all of

15  which are satisfied here.

16      First, the Settlement Class satisfies numerosity. The parties have stipulated
17
18  as part of the Settlement that this Action involves approximately 40,000 Class

19  Members. *See* Long Decl., ¶ 18. This number is more than sufficient to satisfy

20  numerosity under Rule 23(a)(1). *See, e.g., Zhu v. Fujitsu Group 401(k) Plan*, 2004
21
22  WL 3252573, at *5 (N.D. Cal. 2004) (class of approximately 139 members

23  sufficient to satisfy numerosity requirement).

24      Second, Rule 23(a)(2)'s requirement of commonality is satisfied. As the
25
26  Ninth Circuit held in *Hanlon*: "The existence of shared legal issues with divergent

27
28                                          6

1    factual predicate is sufficient, as is a common core of salient facts coupled with

2    disparate legal remedies within the class." *Id.*, 150 F.3d at 1019. Here, Plaintiffs'

3

4    claims are the same as all other similarly situated Class Members as they allege

5    that JNL engaged in a common course of conduct of marketing and selling

6    deferred annuity contracts to California seniors, such as Plaintiffs, when those

7

8    annuities were not fully compliant with this State's insurance disclosure laws.

9    Accordingly, commonality is satisfied here.[2]

10
        Third, the related requirement of typicality under Rule 23(a)(3) is also
11

12   satisfied. "[T]ypicality and commonality are similar and tend to merge," yet "each

13   factor serves a discrete purpose." *General Tel. Co. v. Falcon,* 457 U.S. 147, 153

14
     n.13 (1982). Typicality "'is satisfied when each class member's claim arises from
15

16   the same course of events, and each class member makes similar legal arguments

17   to prove the defendant's liability.'" *Armstrong v. Davis,* 275 F.3d 849, 868 (9th

18
     Cir. 2001) (citation omitted). The claims of the class representative need not be
19

20

21   [2] The United States Supreme Court's recent decision in *Wal-Mart Stores, Inc. v.*

22   *Dukes,* __ U.S. __, 131 S.Ct. 2541 (2011), has no bearing on the commonality
     analysis in this case. In *Dukes,* the plaintiffs relied on statistical evidence to

23   establish commonality because the defendant did not have a written policy
     evidencing a common scheme of discrimination. The Court found that the *Dukes*

24   plaintiffs' statistical evidence failed to establish that class members suffered the
     "same injury;" and, therefore, failed to satisfy Rule 23(a)(2). *Id.* at 2551. Here,

25   however, Plaintiffs' and the Class Members' injuries are the same and were the
     result of JNL's use of standardized annuity contracts that omitted material facts

26   that were statutorily required regarding annuity surrender charges and their
     duration.

27

28

7

1    substantially identical to the absent class members; it is enough that "they are
2
     reasonably coextensive." *Hanlon,* 150 F.3d at 1020. Here, Plaintiffs and Class
3
4    Members allege the same claims based on precisely the same targeted practices, all
5    arising from the same alleged overarching scheme and common course of conduct.
6
     Typicality is therefore satisfied.
7

8         Finally, the adequacy requirement under Rule 23(a)(4) is satisfied. To
9    determine adequacy, the Ninth Circuit looks to: "(1) the absence of any conflict
10
     between the named plaintiffs and class counsel, on one hand, and the class
11
12   members, on the other hand; and (2) whether the named plaintiffs and class
13   counsel will vigorously prosecute the action on behalf of the class." *In re Mego*
14
     *Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000).
15

16        "To satisfy constitutional due process concerns, absent class members must
17   be afforded adequate representation before entry of a judgment which binds them."
18
     *Hanlon*, 150 F.3d at 1020. Here, there is no conflict of interest between Plaintiffs
19
20   and Class Members.

21        Each Class Member will benefit identically or similarly, according to their
22
     situation and circumstances, as a result of this Agreement. Moreover, the Court
23
24   has directly observed Class Counsel's vigorous prosecution of the Plaintiffs'
25   claims in motion practice both on procedural issues and on the merits. *See Hanlon*,
26
     150 F.3d at 1022.   In addition, Class Counsel's extensive investigation, discovery
27

28

8

1   efforts, and successful negotiation of this Agreement are detailed in the Joint

2   Declaration. *See* Joint Decl., ¶¶ 5-33.

3

4       Counsel have thus proven to be capable, efficient and expeditious. *In re*

5   *Emulex Corp. Sec. Litig.*, 210 F.R.D. 717, 720 (C.D. Cal 2002) (court evaluating

6
7   adequacy of counsel's representation may examine "the attorneys' professional

8   qualifications, skill, experience, and resources . . . [and] the attorneys'

9   demonstrated performance in the suit itself.").

10
                    2.    The Settlement Class Satisfies Rule 23(b)(3)
11

12      In addition to meeting the requirement of Rule 23(a), the Settlement Class

13  satisfies the predominance and superiority requirements of Rule 23(b)(3). *Hanlon*,

14
15  150 F.3d at 1022. "To qualify for certification under [Rule 23(b)(3)], a class must

16  satisfy two conditions in addition to the Rule 23(a) prerequisites: common

17  questions must 'predominate over any questions affecting only individual

18
19  members,' and class resolution must be 'superior to other available methods for the

20  fair and efficient adjudication of the controversy.'" *Id.* (citation omitted). Rule

21  23(b)(3) looks to "whether proposed classes are sufficiently cohesive to warrant

22
23  adjudication by representation." *Id.*

24      Here, there is a common nucleus of operative facts and shared legal claims

25  that dominate the litigation. Thus, this action falls squarely within the category of

26
27  cases traditionally found suitable for class certification because the Complaint

28
                                        9

1  alleges a centrally orchestrated fraudulent scheme to sell deferred annuities to

2
3  consumers through the use of uniformly deceptive and statutorily non-compliant

4  annuity contracts. *See Negrete v. Allianz Life Ins. Co.*, 238 F.R.D. 482, 496 (C.D.

5  Cal. 2006) (certifying annuity class action based on misrepresentations in

6
7  company's standardized sales materials); *In re Nat'l W. Life Ins. Deferred*

8  *Annuities Litig.*, 268 F.R.D. 652 (S.D. Cal. 2010) (same); *see also Negrete v.*

9  *Fidelity and Guar. Life Ins. Co.*, No. 05-6837-CAS (MANx) (C.D. Cal.), Final

10
11  Approval Order ("approving nationwide settlement class respecting claims arising

12  from the sale of fixed deferred annuitants with similar allegations).

13  With respect to superiority factors under Rule 23(b)(3), the Court is "to

14
15  focus on the efficiency and economy elements of the class action so that cases

16  allowed under subdivision (b)(3) are those that can be adjudicated most profitably

17  on a representative basis." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180,

18
19  1190 (9th Cir. 2001) (citation omitted). The resolution of Plaintiffs' class claims

20  here is superior to "other available methods of fair an efficient adjudication of the

21  controversy." *Hanlon*, 150 F.3d at 1023. As in *Hanlon*, it is neither economically

22
23  feasible nor judicially efficient for nearly 40,000 consumers (or their beneficiaries)

24  to pursue their claims against JNL on an individual basis.

25  Manageability, even if problematic in a litigation context, is not an issue in

26
27  the context of a class settlement. The Supreme Court has explained that a

10

28

1 settlement class need not be manageable as a class action may be tried in order to

2
3 be certified as a settlement-only class. *Amchem Prods., Inc. v. Windsor*, 521 U.S.

4 591, 619 (1997). Accordingly, this Court should finally certify the Settlement

5 Class and confirm its decision to appoint Plaintiffs as the Class Representative and

6
7 the law firms of Finkelstein & Krinsk LLP, Bonnett, Fairbourn, Friedman &

8 Balint, P.C., The Evans Law Firm, Inc., Robbins Geller, Rudman & Dowd, LLP,

9 and Barrack Rodos & Bacine, LLP, as Class Counsel for the Settlement Class.

10
**IV.   THE PROPOSED SETTLEMENT IS FAIR, REASONABLE, AND**
11   **ADEQUATE AND SHOULD BE FINALLY APPROVED**

12   A.   APPLICABLE LEGAL STANDARDS FOR FINAL APPROVAL
13

14 Rule 23(e) provides that the "claims, issues, or defenses of a certified class

15 may be settled, voluntarily dismissed, or compromised only with the court's
16
17 approval." Fed. R. Civ. Proc. 23(e). The Court may approve a settlement to the

18 extent that it binds class members, "after a hearing and on finding that it is fair,

19 reasonable, and adequate." Fed. R. Civ. Proc. 23(e)(2); s*ee also Officers for*
20
21 *Justice*, 688 F.2d at 625 (a class action settlement should be reviewed under "the

22 universally applied standard [of] whether the settlement is fundamentally fair,

23 adequate, and reasonable."). While the approval of the proposed Agreement is
24
25 committed to the sound discretion of the Court, settlements of complex class

26 actions prior to trial are strongly favored. *City of Seattle*, 955 F.2d at 1276.

27

28
11

1   Agreements are particularly favored "in class actions and other complex

2   cases where substantial judicial resources can be conserved by avoiding formal

3

4   Litigation." *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768,

5   784 (3d Cir. 1995).  As explained in *Hanlon*:

6
> Assessing a settlement proposal requires the district court to balance a
7  > number of factors: the strength of the plaintiffs' case; the risk,
   > expense, complexity, and likely duration of further litigation; the risk
8  > of maintaining class action status throughout the trial; the amount
9  > offered in settlement; the extent of discovery and the stage of the
   > proceedings; the experience and views of counsel; the presence of a
10 > governmental participant; and the reaction of the class members to the
11 > proposed settlement.

12  *Hanlon*, 150 F.3d at 1026.

13

14   The Ninth Circuit consistently has applied this nonexclusive list of eight

15   factors to assess whether, taken as a whole, the settlement is fair.  *See, e.g.,*

16   *Churchill Village, LLC*, 361 F.3d at 575-76.

17
      **B.**   **THE TERMS OF THE AGREEMENT ARE FAIR, REASONABLE**
18               **AND ADEQUATE**

19   As detailed below, the Agreement terms are fair, reasonable and adequate in

20   accordance with Rule 23(e).  "It is the settlement taken as a whole, rather than the
21

22   individual component parts, that must be examined for overall fairness."  *Hanlon*,

23   150 F.3d at 1026.

24

25

26

27
                                          12
28

1

### 1.   Monetary Relief

The proposed Agreement provides that members of the Settlement Class, who choose not to be excluded, shall automatically receive from JNL (without needing to file a claim form or other proof of membership) a one-time payment equal to 22% of any surrender charge previously incurred with by the Class Member and, separately, receive a 22% automatic reduction of any future surrender charge with respect to Class Member Policies.  JNL has also agreed to pay for all costs of administering the settlement and to separately pay for any attorneys' fees, reimbursement of litigation expenses and service awards in a cumulative amount not to exceed $3.1 million to Plaintiffs and their counsel. Agreement, at ¶ 5.  The valuable economic benefits and relief conferred upon Class Members by the Agreement are summarized below.

Notably, JNL will pay or credit the applicable benefit amount to Class Members automatically; **there is no claim-in process and Class Members are not required to do *anything* to receive the full settlement benefit due under the Agreement.**  Agreement, at ¶ 3.

### 2.   Other Relief

JNL will pay $10,000, each, to Nancy Meadows and Russel Heman (or in such amount approved by the Court, subject to the maximum threshold) to compensate them for their time and effort in participating as Class Representatives

13

in this action.[3]    Agreement at ¶ 5(b).  This service award is in addition to any benefits Plaintiffs are entitled to receive as Class Members.  JNL will also pay, subject to the Court's approval, $3,080,000 to Class Counsel in attorneys' fees and expenses. *Id*. at 5(a).  As detailed in the Agreement, both the service awards and the attorneys' fees and expense payment are being paid separate and apart from the relief provided to the Class and will in no way reduce the benefits provided to the Settlement Class. *Id.*, at ¶ 5.

## C.    THE AGREEMENT SATISFIES NINTH CIRCUIT LAW AND WARRANTS FINAL APPROVAL

By applying the above enumerated factors set forth by the Ninth Circuit in *Hanlon*, quoted above, the proposed Agreement should be finally approved.

### 1.    The Strength of Plaintiffs' Case/Risks of Further Litigation/Risks of Maintaining Class Action Status

Although Plaintiffs believe the Action warrants certification as a settlement class and presents a strong case for liability, JNL has vigorously contested certification and denies any wrongdoing or liability. JNL also contends that its annuities substantially complied with California law and that Plaintiffs may suffer failures of proof at trial, including inability to prove certain elements of the claims on a class-wide basis. JNL Motion for Summary Judgment at pp. 7-9 [Dkt. # 114].

---

[3] As the Ninth Circuit recently observed in *Rodriguez*: "Incentive awards are fairly typical in class action cases." *Id.*, 563 F.3d at 958.

14

Plaintiffs thus recognize the risks and uncertainty if the action proceeds to trial. Joint Decl., ¶¶59-61.

2.      The Proposed Agreement Has "No Obvious Deficiencies"

The proposed Agreement "has no obvious deficiencies." *Young v. Polo Retail, LLC*, No. C-02-4546, 2006 WL 3050861, at *5 (N.D. Cal. Oct. 25, 2006). To the contrary, as described in detail below, the Agreement favorably compares to other settlements of similar claims, and is structured to address the alleged shortcomings in JNL's annuities, providing valuable economic benefits, tailored to the circumstances of Class Members and Defendant's challenged conduct. Joint Decl., ¶¶43-45.

3.      The Proposed Relief Does Not "Grant Preferential Treatment to the Class Representative"

Plaintiffs Nancy Meadows and Russel Heman do not receive any unduly preferential treatment under the proposed Agreement. The proposed service award of up to $10,000 to Ms. Meadows compensates her for legal fees and costs incurred as part of her responsibilities as the Executor for former plaintiff Maxine Derry's estate, and the $10,000 service award to Russel Heman similarly compensates him for his time and effort as a Class Representative in this successful Action. Among other things, both Ms. Meadows and Mr. Heman have consistently assisted Class Counsel in gathering facts so that counsel could develop potential legal claims against JNL, assisted Class Counsel in responding to multiple sets of

15

1  discovery requests (including numerous requests for production of documents),

2  and have sat for depositions in this Action. Joint Decl., ¶ 22. This award is not

3

4  excessive and does not amount to preferential treatment. *See, e.g., In re CV*

5  *Therapeutics*, No. C-03-3709 (SI), 2007 WL 1033478, at \*3 (N.D. Cal. Apr. 4,

6  2007) (awarding \$26,000 to lead plaintiff).

7

8  Nor does the proposed Agreement provide excessive compensation to Class

9  Counsel. The proposed Agreement contemplates a fee and expense award not to

10  exceed \$3,080,000. This amount represents a modest multiplier of less than 1.187

11

12  on Class Counsel's aggregate lodestar of \$2,539,234.70, not including the

13  \$66,126.31 in expenses. *See* Joint Decl., ¶¶ 51-52, 55, 59, 63-65, and supporting

14  declarations of Class Counsel. In addition, the requested attorney fee award (after

15

16  deduction of expenses) represents approximately 26.8% of the Agreement value

17  (\$3,013,873.70) if the fee were computed under a straight "common fund," a

18  percentage-of-recovery method, which is within the 25% benchmark generally

19

20  accepted in the Ninth Circuit. *In re Bluetooth Headset Products Liab. Litig.*, 654

21  F.3d 935, 942 (9th Cir. 2011); *see also* Long Decl., ¶ 4.     Indeed, Plaintiffs'

22  counsel's fee under the Agreement is especially modest in that it encompasses all

23

24  of counsel's future, post-approval work necessary to effectuate the Agreement,

25  such as monitoring claims administration, responding to Class Member inquiries

26  and litigating any appeals.

27

28

16

1    As demonstrated in Plaintiffs' Memorandum in Support of Motion for an

2
3    Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards, and

4    other supporting materials, filed February 27, 2014 in compliance with Rule 23(h),

5    Plaintiffs' requested fee is appropriate and reasonable in light of the time, effort

6
7    and resources expended to resolve this Action and the substantial settlement

8    benefits that Plaintiffs' counsel will have achieved on behalf of Class Members.

9    Joint Decl., ¶¶ 35.

10
                    4.    The Proposed Relief is Within the "Range of Possible
11                        Approval"

12    The proposed Agreement also falls well within the "range of possible

13    approval," as it provides carefully-tailored economic benefits to all Class
14
15    Members, without the risk and delays of continued litigation, trial and appeal. The

16    proposed Agreement directly addresses Plaintiffs' claims regarding JNL's alleged

17    failure to properly disclose the annuities' surrender charges as required under
18
19    California's Insurance Code.    For Annuities that were previously surrendered

20    and a surrender charged was imposed by JNL, Class Members will automatically

21    receive a refund of 22% of the charge – without the need to submit a claim form.
22
23    Similarly, all future withdrawals from a Class Member's JNL annuity that trigger a

24    surrender charge will have that charge automatically reduced by 22%. Agreement

25    ¶ 3.
26

27
                                          17
28

1  The proposed Agreement compares favorably with class settlements
2  approved in cases alleging misrepresentations in connection with the marketing
3
4  and sale of deferred annuity products. *See, e.g., Negrete v. Fidelity and Guar. Life*
5  *Ins. Co.*, No. 05-6837-CAS (MANx) (C.D. Cal.), Final Approval Order at p. 2.
6  Indeed, the cash refunds of specified amounts to Class Members who owned JNL
7
8  annuities that were surrendered under the proposed Agreement are similar to the
9  corresponding relief afforded under comparable settlements. *See, e.g., In re Am.*
10  *Investors Life Ins. Co. Annuity Mktg. and Sales Practices Litig.*, 263 F.R.D. 226
11
12  (E.D. Pa. 2009) (automatic annuitization bonus of .4% for contracts in deferral
13  with possible additional bonus up to 2% as part of claims process, with no waiver
14  of penalties for surrendered contracts); *Strube v. Am. Equity Inv. Life Ins. Co.*, 226
15  F.R.D. 688 (M.D. Fla. 2005) (2% annuitization bonus for annuities with a
16  minimum 10 year payout required and unspecified relief as part of claims process).
17
18  Importantly, the proposed Agreement recognizes the inherent risks, costs
19  and delay associated with the continued prosecution of this complex class action
20
21  lawsuit. If this Action were to proceed to trial, there is no guarantee against a
22  defense verdict.
23
24  Furthermore, even if a judgment were obtained against JNL at trial, the
25  recovery might be of no greater value to the Settlement Class and indeed might be
26  substantially less valuable than the proposed Agreement. Joint Decl., ¶¶ 43-45.
27
28

18

And even if Plaintiffs ultimately prevailed, it could be years before Class Members would receive any recovery, given the likelihood of appeals. The proposed Agreement is the best vehicle to assure that Class Members receive the relief with respect to the challenged conduct in a prompt and efficient fashion. *Id.* at ¶ 45.

Indeed, the price of delay is particularly high in this litigation because it was brought on behalf of senior citizen consumers – persons who may not be able to wait years for relief. Thus, although the parties have already engaged in protracted litigation, continuation of the Action would be extremely expensive and risky, and in the absence of the proposed Agreement, annuity purchasers would have to wait substantially longer to obtain any relief, even assuming Plaintiffs successfully overcame every obstacle to relief. *Id.* at ¶¶ 43-45. Without question, the parties worked long and hard to achieve a comprehensive settlement that provides valuable and far-reaching benefits for the Settlement Class. *Id.* at ¶¶ 47-49. There is no reason to doubt the fairness, reasonableness and adequacy of the proposed Agreement, which is surely within the range of possible approval.

### 5.    Amount Offered in Settlement

The terms of the proposed Settlement certainly meet the standard for "overall fairness." *See Hanlon*, 150 F.3d at 1026. As set forth above, Class Members will receive the same type of economic relief that they could seek in trial, and possibly more than they would receive if they proceeded with litigation. Joint

19

1  Decl., ¶ 35.  In addition, the parties have agreed to a Release that is properly

2
3  tailored to this case and is fair and reasonable. The definitions and terms of the

4  Release are set forth more fully in the Agreement.  *See* Agreement at ¶ 8.

5
6
6.     The Agreement is the Product of Extensive Litigation
and Serious, Informed, Non-Collusive Negotiations

7      The Court is familiar with the long and adversarial history of this case. The

8  parties agreed upon the terms of the proposed Agreement following substantial fact
9
10  investigation, fact discovery, and litigation on the merits of Plaintiffs' claims,

11  including motions to dismiss and for summary judgment, and two motions for class

12  certification.  Joint Decl., ¶¶ 5-26.  It is not a case in which the lawsuit was filed
13
14  and the proposed settlement agreement was achieved quickly.  *Id.*  Rather, both

15  parties and the Court are in a position to assess the relative strengths and

16  weaknesses of the case, the risks and uncertainty of the litigation, and the
17
18  comparative benefits of settling the action prior to trial.  *Id.*

19      Additionally, the well-informed, lengthy and arm's-length settlement

20  negotiations demonstrate the fairness of the Agreement. *Id.* at ¶¶ 28-31, 47-49.  "A
21
22  settlement following sufficient discovery and genuine arm's length negotiation is

23  presumed fair."  *Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523,

24  528 (C.D. Cal. 2004).  As in *Hanlon*, "[t]here is no evidence to suggest that the
25
26  settlement was negotiated in haste or in the absence of information illuminating the

27  value of plaintiff['s] claims."  *Id.*, 150 F.3d at 1027.  To the contrary, the long

20

28

negotiation process, which lasted more than 13 months and included meeting on multiple occasions, participating in several substantive telephone conferences, and exchanging numerous emails and proposals, as discussed more fully in ¶¶ 28-31, 47-49 of the Joint Declaration, and the hard fought nature of those settlement discussions, further validates the non-collusive nature of the proposed Agreement. Thus, the progress of the litigation, including the amount of discovery completed, favors final approval.

### 7.   The Reaction of the Class Members is Overwhelmingly Positive

As of February 25, 2014, the objections and opt-out deadline, the parties have received fewer than 100 opt-outs and no objections to the proposed Agreement.  *See* Declaration of William R. Schulz filed herewith at ¶ 6 ("Schulz Decl.").

The relatively low number of opt-outs and Class Member objections, combined with the complete absence of objections, compares very favorably to the numbers of opt-outs and objections that other courts have considered when approving similar settlements. *Rodriquez*, *supra*, 563 F.3d at 967 (finding a favorable reaction by class members where of the 376,301 putative class members who received notice, 54 submitted objections); *Churchill Village*, 361 F.3d at 577 (finding a favorable reaction by class members where of the 90,000 putative class members who received notice, 45 submitted objections and 500 submitted opt-

21

1  outs). These numbers reflect a positive reaction from the Settlement Class that

2  also weighs in favor of the fairness of the Settlement. *See Hanlon*, 150 F.3d at

3

4  1027 ("the fact that the overwhelming majority of the class willingly approved the

5  offer and stayed in the class presents at least some objective positive commentary

6  as to its fairness.").

7

8  ## V.  THE IMPLEMENTED NOTICE PROGRAM PROVIDES ADEQUATE NOTICE TO THE SETTLEMENT CLASS

9

10  Pursuant to the Court's Preliminary Approval Order, JNL implemented the

11  approved Class Notice Program ("Notice Program"). On January 22, 2014 mailed

12  Class Notice to approximately 40,000 Class Members by first-class, pre-paid mail

13

14  to the last known address based on JNL's records. Schulz Decl., at ¶ 2. After

15  initially mailing Class Notice, JNL engaged the services of a third-party locator

16  service to search for addresses and re-mailed Class Notice Packages to the updated

17

18  addresses, if they could be found, as required under the Agreement. *Id.* at ¶¶ 3-4;

19  see also Agreement at ¶¶ 3(c) and 10. Upon completion of the advanced address

20  searches, JNL re-mailed Class Notices to the appropriate recipient. *Id.*

21

22  JNL also established an internet website at www.derryclassaction.com to

23  provide class notice and other pertinent information to the settlement class.

24  Agreement ¶ 6(c); Schulz Decl., ¶ 5.

25

26

27

28

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR FINAL APROVAL OF CLASS ACTION
SETTLEMENT

1

2

### A.   THE NOTICE PROGRAM PROVIDED THE BEST PRACTICABLE NOTICE TO ALL IDENTIFIABLE SETTLEMENT CLASS MEMBERS

3

4

The Class Notice satisfies the requirements that the notice be "reasonably

5

calculated, under all the circumstances, to apprise interested parties of the

6

pendency of the action and afford them an opportunity to present their objections."

7

8

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  In its

9

Preliminary Approval Order, the Court approved a comprehensive Class Notice as

10

the best practicable notice under the circumstances.  Order at ¶¶ 5, 6 [Dkt. # 150].

11

12

The Court authorized the parties to establish the necessary means to administer the

13

proposed Agreement and the Claim Review Process in accordance with the terms

14

of the Agreement.  *Id.* at ¶ 6.  This is more than sufficient.  *See, e.g., In re Intergra*

15

16

*Realty Res., Inc.*, 262 F.3d 1089, 1110-1118 - (10th Cir. 2001).

17

### B.   THE NOTICE PROGRAM ADEQUATELY INFORMED SETTLEMENT CLASS MEMBERS OF THE AGREEMENT

18

19

The Court-Approved Notice satisfies Rule 23(c)(2)(B). To provide adequate

20

notice of a class-action settlement, the notice should "'generally describe[] the

21

terms of the settlement in sufficient detail to alert those with adverse viewpoints to

22

23

investigate and to come forward and be heard.'"  *Churchill Village, LLC*, supra,

24

361 F.3d at 575 (internal citations omitted).  In addition, Rule 23(h)(1) requires

25

that notice of Class Counsel's request for attorneys' fees be "directed to class

26

27

28

23

members in a reasonable manner." The Notice Program here easily satisfies these requirements.

The Class Notice expressly stated that Class Counsel would file a motion asking the Court for an award of attorneys' fees and reimbursement of their expenses up to, but not to exceed, $3,080,000 and not to exceed $20,000 (cumulatively) for the incentive awards for the named Class Representatives to compensate them for their efforts undertaken by them on behalf of the Class Members. *See* Order at ¶¶ 5-6 and Ex. A thereto.

Moreover, the Class Notice "clearly and concisely state[s] in plain, easily understood language,"[5] the nature of the action, the definition of the class certified, the class claims, issues and defenses, that a Class Member may enter an appearance through an attorney if he or she so desires, that the Court will exclude anyone from the Class who requests exclusion, the time and manner for requesting exclusion, the terms of the proposed Agreement, and the binding effect of a class judgment on members under Rule 23(c)(3). *See* Order at Ex. A.

Accordingly, the Class Notice adequately informs Class Members of the proposed Agreement.

---

[4] *See Simpao v. Gov't of Guam*, No. 08-16230, 2010 WL 750119, at *2 (9th Cir. Mar. 5, 2010).

24

1  ## VI.   CONCLUSION

2
3       Plaintiffs respectfully move this Court to issue an Order: (1) finally
4  certifying the Settlement Class for settlement purposes and appointing Plaintiff
5  Nancy Meadows and Russel Heman as Class Representatives, and the law firms
6
7  Finkelstein & Krinsk, LLP and The Evans Law Firm, Inc., as Class Counsel; (2)
8  finding that the Notice Program has been adequate and reasonable, has met the
9  requirements of Rule 23, and has constituted the best notice practicable under the
10
11  circumstances; and (3) directing the entry of Final Judgment, dismissing the Action
12  (including all individual and Class claims presented thereby) on the merits with
13  prejudice.

14
                                    Respectfully submitted,
15

16  Dated: February 27, 2014          FINKELSTEIN & KRINSK LLP

17

18
                                    By: /s/ Jeffrey R. Krinsk
19                                      Jeffrey R. Krinsk
20                                    jrk@classactionlaw.com

21                                    501 W. Broadway, Suite 1250
22                                    San Diego, CA 92101
                                    Telephone:  619/238-1333
23                                    619/238-5425 (fax)

24

25

26

27
                                        25
28

EVANS LAW FIRM, INC.
Ingrid M. Evans
Ingrid@evanslaw.com
3053 Fillmore Street, # 236
San Francisco, CA 94123
Telephone:  415/441-8669
888/891-4906 (fax)

BONNETT, FAIRBOURN,
FRIEDMAN & BALINT P.C.
ANDREW S. FRIEDMAN
afriedman@bffb.com
PATRICIA SYVERSON
psyverson@bffb.com
KIMBERLY PAGE
kpage@bffb.com
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone:  602/274-1100
602/274-1199 (fax)

ROBBINS GELLER
RUDMAN & DOWD LLP
THEODORE J. PINTAR
tedp@rgrdlaw.com
STEVEN M. JODLOWSKI
sjodlowski@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

26

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR FINAL APROVAL OF CLASS ACTION
SETTLEMENT

1

2

3

4

5

BARRACK, RODOS & BACINE
STEPHEN R. BASSER
sbasser@barrack.com
402 West Broadway, Suite 850
San Diego, CA 92101
Telephone: 619/230-0800
619/230-1874 (fax)

6

7

Attorneys for Class Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

27

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR FINAL APROVAL OF CLASS ACTION
SETTLEMENT